**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-05091-AH-AJR

Date: September 15, 2026


Title: Joaquin Lopez v. Sergeant Scorts, et al.

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE BECAUSE PLAINTIFF HAS NOT FILED A SECOND AMENDED COMPLAINT**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Nicholas Huynh | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On April 16, 2026, *pro se* Plaintiff Joaquin Lopez ("Plaintiff"), a pretrial detainee presently incarcerated at the West Valley Detention Center in Rancho Cucamonga, California filed this civil rights action pursuant to 42 U.S.C. § 1983 (the "Complaint") against Officers Bryan Jimenez, J. Gomez, Juan Collazos, D. Alejandre, and Sergeant Patton, all sued in their official capacities. (Dkt. 1 at 3-4.) Plaintiff also filed a Request to Proceed *In Forma Pauperis*. (Dkt. 2.)

On May 27, 2026, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A and dismissed the Complaint with leave to amend for various pleading deficiencies (the "Dismissal Order"). (Dkt. 5.) On June 10, 2026, Plaintiff filed a First Amended

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

Complaint (the "FAC"), which names only Officers Bryan Jimenez, J. Gomez, and Juan Collazos as Defendants (collectively, "Defendants"), all sued in their official capacities. (Dkt. 12.)

On July 27, 2026, the Court dismissed the FAC with leave to amend for continued pleading deficiencies. (Dkt. 14.) Plaintiff was ordered to file a Second Amended Complaint (the "SAC') on or before August 26, 2026. (Id. at 12.) The Court warned that failure to file a SAC would result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders. (Id.)

As of today, Plaintiff has neither filed an amended complaint nor requested a further extension of time in which to do so. This action cannot move forward unless and until Plaintiff files an amended complaint. **As the Court previously advised Plaintiff, failure to file a SAC will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is ordered to file a SAC, if any, by **September 29, 2026** or show cause why the action should not be dismissed with prejudice for failure to prosecute. If Plaintiff chooses to file a SAC, it should bear the docket number assigned to this case (2:26-cv-05091-AH-AJR), be labeled "Second Amended Complaint," and be complete and of itself without reference in any manner to the FAC, the original Complaint or any other document (except any document that Plaintiff chooses to attach to the SAC as an exhibit). Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. Should Plaintiff decide to file a SAC, he is encouraged to utilize the CV-66 form complaint attached to this Order.

If Plaintiff no longer wishes to pursue this action or certain claims or defendants, he may voluntarily dismiss the entire action, certain claims, or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-05091-AH-AJR Date: September 15, 2026


Title: Joaquin Lopez v. Sergeant Scorts, et al.

---

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
CV-66, United States District Court, Central District of California Civil Rights Complaint.